# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,
STATE OF WISCONSIN,
STATE OF ILLINOIS,
STATE OF MICHIGAN,

        Plaintiffs,

v.                                                  Case No. 10-CV-59

DEAN FOODS CO.,

        Defendant.

_____

# ORDER

On January 22, 2010, plaintiffs filed suit against defendant. On January 25, 2010, Attorney Robert Pratt, chief of the Antitrust Bureau of the Office of the Illinois Attorney General, applied for admission to the U.S. District Court for the Eastern District of Wisconsin, and asked that the court waive the $185 admission fee. Pratt asserted that waiver of the fee is appropriate because he is representing the State of Illinois, the representation involves one particular matter, and that matter is a civil law enforcement proceeding. Pratt bases his request on General L.R. 83.7(a)(3), which reads, in pertinent part: "The judge . . . may permit an eligible attorney to proceed in a particular matter (pro hac vice) without payment of the prescribed fee."

As far as this court and the Clerk of the Court's office are aware, no attorney prior to Pratt has ever requested waiver of the fee pursuant to General L.R. 83.7(a)(3). The rule itself offers little guidance as to when such a waiver should be

granted. Presumably though, there must be good cause for such a waiver. Indeed, this good cause requirement is specifically articulated in General L.R. 83(c)(2)(C) – the updated local rule which replaced L.R. 83.7(a)(3) as of February 1, 2010, the date the updated local rules became effective. Considering that L.R. 83.7(a) pertains to attorneys admitted for purposes of a particular case, it is difficult to understand why the fact that Pratt is being admitted for purposes of a particular case would also suffice as good cause justifying waiver of the fee. Indeed, under such a rationale, any attorney seeking admission under General L.R. 83.7(a) would be entitled to fee waiver. Moreover, the fact that Pratt is representing the State of Illinois or that the matter is a civil law enforcement proceeding does not constitute good cause for waiver of the fee.

Accordingly,

**IT IS ORDERED** that Robert Pratt's request for waiver of the prescribed admission fee (Docket #3) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge