UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,
STATE OF WISCONSIN, STATE OF ILLINOIS,
and STATE OF MICHIGAN,

        Plaintiffs,
v.                                             Case No. 10-CV-59

DEAN FOODS COMPANY,

        Defendant.
_____

## ORDER

This matter is before the court on defendant's Motion to Compel a Discovery Response to the First Interrogatory of Dean Foods Company ("Dean"). (Docket #33). The plaintiffs oppose the motion, arguing that Dean's Interrogatory requesting the identities of individuals and entities interviewed by the plaintiffs and all relevant factual information obtained from these interviews is improper because it seeks protected attorney work-product.

## BACKGROUND

Plaintiffs allege in this antitrust action that Dean violated Section 7 of the Clayton Act, 15 U.S.C. § 18, in its acquisition of two fluid-milk processing plants owned by one of its competitors, Foremost Farms USA. (Compl. ¶ 1). The United States opened an antitrust investigation into this transaction in April 2009 and investigated the competitive effects of the acquisition over several months. (Pls.' Resp. to Mot. to Compel a Disc. Resp. to Def.'s Interrog. No.1, 2-3). During the

investigation, the government obtained documents and deposition testimony from Dean employees and third parties. *Id.*[1] On January 22, 2010, the plaintiffs filed their Complaint. (Docket # 1). On June 16, 2010, Dean served its First Interrogatory. The interrogatory requested the following information:

> Identify each of the individuals and entities interviewed by each of the Plaintiffs (either together or independently) pursuant to the Investigation of the challenged Transaction and provide all factual information obtained from these individuals and entities through such interviews that is relevant to Plaintiffs' claims in this case.

(First Interrog. of Def. 1). Plaintiffs objected and defendant moved to compel. Plaintiffs' main argument is that Dean's broad request for a witness-by-witness account of all facts obtained in witness interviews would necessarily reveal protected work-product. (Pls.' Resp. to Mot. to Compel 10). The defendant counters that it does not seek counsels' work-product but rather the relevant facts garnered from the witness interviews that support plaintiffs' claims. (Def.'s Reply in Supp. of Mot. to Compel 1).

## ANALYSIS

Under Federal Rule of Civil Procedure 26, "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The court enjoys significant discretion in ruling on a motion

---

[1] The plaintiffs stated in their Response to the Motion to Compel that they conducted approximately 170 interviews of third parties during their pre-complaint investigation. In Plaintiffs' Objection and Response to First Interrogatory of Defendant, plaintiffs note that their claim of privilege and protection of pretrial materials extends to 203 interviews with third parties dating from 4/23/2009 through 6/30/2010. (Pls.' Obj. and Resp. to Def.'s Interrog. No.1, 4-5).

to compel. *Gile v. United Airlines*, 95 F.3d 492, 495-96 (7th Cir. 1996). This is because a district court is in the best position to decide the proper scope of discovery and settle any discovery disputes. *Id.* at 495. Thus, the court may use its broad discretion to carry out the "strong public policy in favor of disclosure of relevant materials." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing Fed. R. Civ. P. 26(b)(2)).

A party may seek an order to compel discovery if an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(1)-(4). The party objecting to a discovery request bears the burden in showing why the request is improper. *Kodish v. Oakbrook Terrace Fire Protection District*, 235 F.R.D. 447, 450 (N.D. Ill. 2006); *see also Sherman Park Community Ass'n v. Wauwatosa Realty Co.*, 486 F. Supp. 838, 845 (E.D. Wis. 1980). In ruling on a discovery motion, courts consider "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotation omitted).

### A. The Work-Product Doctrine

The attorney work-product doctrine "protects documents prepared by attorneys in anticipation of litigation for the purpose of analyzing and preparing a client's case." *Sandra T.E. v. South Berwyn School District 100*, 600 F.3d 612, 618

(7th Cir. 2010) (citing Fed. R. Civ. P. 26(b)(3)(B); *United States v. Nobles*, 422 U.S. 225, 238-39 (1975); *United States v. Smith*, 502 F.3d 680, 689 (7th Cir. 2007)). The work-product doctrine is designed to protect an attorney's mental impressions and opinions against disclosure and to limit the circumstances in which attorneys may piggy-back on the research and thinking of their more diligent adversaries. *See Hickman v. Taylor,* 329 U.S. 495, 510 (1947) (rejecting "an attempt, without purported necessity or justification, to secure written statements, private memoranda, and personal recollections [of witness interviews] prepared or formed by an adverse party's counsel in the course of his legal duties."); *Sandra T.E.,* 600 F.3d at 618.

Nevertheless, the work-product doctrine is intended to guard only against divulging the attorney's legal impressions and strategies. The doctrine cannot be used to protect the underlying facts found within work-product. *See Hickman*, 329 U.S. at 507 ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."); *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir.1995) (holding that the work-product doctrine does not protect facts concerning "the creation of work-product or facts contained within work-product."); *Bogosian v. Gulf Oil Corp.,* 738 F.2d 587, 595 (3d Cir. 1984) ("[W]here the same document contains both facts and legal theories of the attorney, the adversary party is entitled to discovery of the facts."). Therefore, in making a

discovery ruling of this sort, the court must strike a balance between protecting attorneys' work-product and allowing for liberal discovery of the relevant facts as is required by the Federal Rules of Civil Procedure.

Although plaintiffs argue they are merely trying to protect classic attorney work-product, they are ultimately attempting to extend work-product protection to the facts which form the basis of their antitrust lawsuit. Dean is not requesting that the plaintiffs turn over their attorneys' memoranda or notes resulting from the third-party interviews. Indeed, the plaintiffs are clearly not required to turn over such documents since this type of information involves the mental impressions protected by the work-product doctrine. Fed. R. Civ. P. 26(b)(3). Rather, Dean seeks only the identities of interviewees and the facts obtained from the interviews that form the basis of the plaintiffs' claims. Because the court finds that work-product protection does not extend to the facts that form the basis of the plaintiffs' claims, we reject the plaintiffs' work-product objection.

### B. Plaintiffs' Objections

The court first rejects plaintiffs' work-product objection because it mischaracterizes Dean's discovery request and, as a consequence, confuses the scope of the doctrine. Plaintiffs find the First Interrogatory objectionable because they believe it asks for a witness-by-witness account of all facts obtained in past and future witness interviews. They argue that because witness-by-witness interview summaries would reveal the mental impressions of counsel, the First Interrogatory

seeks classic opinion work-product and the motion to compel should be denied. (Pls.' Resp. to Mot. to Compel 10). Plaintiffs support their claim of work-product protection by citing *Hickman v. Taylor*, the Supreme Court case that first recognized the doctrine. Plaintiffs contend that in *Hickman*, the Supreme Court held that the information elicited in third-party interviews, whether factual or otherwise, is attorney work-product and thus not subject to discovery. (Pls.' Resp. 10). In *Hickman*, the Supreme Court did state that "under ordinary conditions, forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to dangers of inaccuracy and untrustworthiness." *Hickman*, 329 U.S. at 513. However, *Hickman* also held that "where the party seeking discovery can establish that relevant and non-privileged facts remain hidden in an attorney's file" and where production of those facts is essential to the preparation of the party's case, discovery of those facts is proper. *Id.* at 511.

In this case, Dean does not request that the plaintiffs' attorneys repeat or write out everything the interviewed witnesses revealed, as was the situation in *Hickman*.[2] Dean simply asks for the witnesses' identities and all relevant factual information obtained through these interviews. This is the kind of factual information that is routinely sought during discovery. *See* Fed. R. Civ. P. 26(a),(b). Moreover, the

---

[2]The discovery request in *Hickman* requested that the opposing party attach "exact copies of all [witness] statements if in writing, and if oral, set forth in detail the exact provisions of any such oral statements or reports." *Hickman,* 329 U.S. at 499. The Supreme Court took issue with this request because it would force the attorney to testify to what he remembered or what he saw fit to write down regarding any remarks made in the interviews. *Id.* at 513.

-6-

interrogatory does not delve into the attorneys' impressions about the facts obtained, and it does not seek legal conclusions, opinions or legal theories developed in anticipation of litigation.[3]

The plaintiffs next contend that the facts contained in protected attorney notes and memoranda are so inextricably intertwined with opinion work-product that they cannot effectively be segregated. (Pls.' Resp. 11). They explain that answering Dean's interrogatory with facts obtained from third-party interviews will reveal aspects of plaintiffs' investigative and litigation strategies, which are protected areas of classic work-product. (Pls.' Resp. 12). Again, this argument is flawed because it represents a retreat from the philosophy underlying the discovery rules – that parties may discover all relevant non-privileged facts upon which their adversaries base their allegations. Fed. R. Civ. P. 26(b)(1); *see Bogosian v. Gulf Oil Corp.* 738 F.2d at 595. Following the plaintiffs' logic would mean that any time a party wishes to shield a fact from discovery, it could simply have its attorney interlace the fact with work-product. This was never the intent of the work-product doctrine.

The court also notes that the plaintiff will undoubtably rely on certain of the facts obtained from its third-party interviews in supporting its claims against Dean. *See* Bradbury Decl. Ex. 6 (Docket #36-6). Fairness considerations arise when a

---

[3] The court recognizes the importance of guarding against use of the interrogatory as a backdoor to protected attorney work-product. Fortunately, the nature of interrogatories guards against such a misuse of the discovery process. Interrogatories allow the responding party time to craft a response with particular care. In cases involving work-product concerns, the answering party has the opportunity to ensure that its counsel's mental impressions, strategies, and conclusions are not reflected in the answer.

party attempts to use a privilege, such as the work-product doctrine, as both a sword and a shield. *Cf. In re Grand Jury Proceedings,* 219 F.3d 175 (2d Cir. 2000) (ruling that a party cannot "affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communication from scrutiny by the opposing party."). Similarly, the plaintiffs in this case cannot selectively assert facts obtained in the third-party interviews to support their antitrust claims against Dean while at the same time invoke the work-product doctrine to shield the same or additional facts obtained during the interviews. In *United States v. Dentsply,* 187 F.R.D. 152, 156 n. 2 (D. Del. 1999), the court was confronted with a similar situation in an antitrust lawsuit and found that the intent of the work-product doctrine was never to allow a party to "manipulate the timing of the revelation of facts it has gathered and upon which it intends to rely to suit its purposes." Though the court is not bound by the *Dentsply* court's precedent, it does agree with its conclusion in this respect.

Plaintiffs claim that they have not selectively disclosed only those facts supportive of their case and insist that their initial disclosures produced all relevant "documents, data, transcripts, and declarations" obtained from third parties regardless of whether they were helpful to the plaintiffs' case. (Pls.' Resp. 17). The court would remind plaintiffs that the scope of relevancy under Rule 26 is broad. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ.

P. 26(b)(1); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978) (holding that relevant information "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter [sic] that could bear on, any issue that is or may be in the case"). Here, Dean's motion to compel seeks relevant facts obtained from third-party interviews that were not listed in the initial disclosures. As such, the court requests that the plaintiffs reconsider their assertion that all relevant information was already disclosed in their initial disclosures. The court further rejects plaintiffs' argument that facts obtained from interviews not listed in the initial disclosures are not discoverable because the facts have been memorialized in memoranda that are privileged and not required to be preserved by stipulation of the parties. If the facts are relevant to the plaintiffs' claims and not privileged themselves, then they should be disclosed.

Plaintiffs also argue that if the defendant's interrogatory does not seek opinion work-product, which receives special protection under Federal Rule of Civil Procedure 26(b)(3)(B), then it seeks fact work-product. Plaintiffs contend that fact work-product is protected by Rule 26(b)(3)(A) and is defined as "written or oral information transmitted to [an] attorney and recorded as conveyed." (Pls.' Resp. 9, 14) (quoting *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.,* 293 F.3d 289, 294 (6th Cir. 2002)). They claim that fact work-product is protected from discovery unless the movant shows a "substantial need for the information and cannot obtain equivalent materials without undue hardship." (Pls.' Resp. 16).

Plaintiffs then argue that Dean has not made such a showing. (Pls.' Resp. 16). As discussed previously, Dean's interrogatory certainly does not seek opinion work-product. The court also finds that Dean does not seek fact work-product as the plaintiffs have defined it.[4] First, Dean's interrogatory does not ask for "written or oral information transmitted to the plaintiffs' attorney and recorded as conveyed." The "recorded as conveyed" language suggests that fact work-product consists of a written and verbatim record of the transmitted information. The discovery request at issue does not require the plaintiffs' attorneys to hand over their notes or memoranda in which they memorialized the interviewees' statements. Dean simply asks that the relevant facts obtained from the interviewees be disclosed. Furthermore, the plaintiffs' reliance on Rule 26(b)(3)(A) does not forward their argument for protection based on fact work-product because, by its plain language, Rule 26(b)(3)(A) applies only to the production of documents and tangible things. This rule does not serve as a basis for refusal to respond to discovery requests seeking disclosure of facts by interrogatories. Because the court finds that the defendant's interrogatory does not seek fact work-product as defined by the plaintiffs, or work-product as protected in Rule 26(b)(3)(A), the court must also reject plaintiffs' contention that Dean was required to make a showing of substantial need and inability to obtain equivalent materials without undue hardship.

---

[4] Though other circuits have distinguished between fact and opinion work-product, this court finds no binding authority in the Seventh Circuit that has expressly done so. Therefore, the court declines to make a distinction; however, the court will address the plaintiffs' arguments accordingly.

Finally, the plaintiffs argue that policy considerations support denying the defendant's motion to compel. They claim that allowing Dean to discover the relevant facts from the hundreds of interviews conducted by plaintiffs will deter attorneys charged with enforcing antitrust laws from gathering and recording necessary information, as well as deter third parties from providing this information to the attorneys. While these concerns are not unfounded, the court still finds that the interest in full disclosure of all relevant non-privileged facts outweighs the policy considerations presented by the plaintiffs.

For all the reasons set forth above, the court is unpersuaded that Dean's interrogatory invades the work-product of the plaintiffs' attorneys. The work-product doctrine does not protect plaintiffs' from Dean's discovery request because the First Interrogatory asks for facts and not the attorneys' mental impressions or conclusions. The interrogatory does not require a complete recitation of statements a witness may have provided to counsel. Plaintiffs are only required to provide any factual information obtained in the interviews that is relevant to the plaintiffs' claims. Furthermore, plaintiffs have the added benefit of being able to tailor the answer to Dean's interrogatory in a way that does not reveal their attorneys' mental impressions or conclusions. Therefore, plaintiffs must respond to Dean's First Interrogatory.

Accordingly,

**IT IS ORDERED** that defendant's Motion to Compel Answer to the First Interrogatory of Deans Food Company (Docket #33) be and the same is hereby **GRANTED**; the plaintiffs shall respond to Dean's First Interrogatory within **thirty (30) days** from the date of this order.

Dated at Milwaukee, Wisconsin, this 8th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge