UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,
STATE OF WISCONSIN, STATE OF ILLINOIS,
and STATE OF MICHIGAN,

      Plaintiffs,
v.                                            Case No. 10-CV-59

DEAN FOODS COMPANY,

      Defendant.
_____

# ORDER

On September 17, 2010, Red Barn Family Farms ("Red Barn"), a nonparty, filed a motion to quash or modify a subpoena served upon it by Dean Foods Company ("Dean") in connection with the above-captioned matter.

Federal Rule of Civil Procedure 45(c)(3) describes the circumstances under which the court must or may quash or modify a subpoena. Rule 45(c) obligates a court to quash or modify a subpoena if it requires disclosure of privileged information or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A). A district court may quash or modify a subpoena if it requires disclosure of a trade secret or other confidential research, development, or commercial information. Fed. R. Civ. P. 45(c)(3)(B). Moreover, a district court has discretion to modify or quash a subpoena if it seeks discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; [or] the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." Fed. R. Civ. P. 26(b)(2). Motions to

quash are within the sound discretion of the district court. *Wollenburg v. Comtech Mfg. Co.*, 201 F.3d 973, 977 (7th Cir. 2000) (citing *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992)).

In its motion, Red Barn provides a list of grounds upon which the court should rely in granting the motion to quash or modify. Red Barn contends that the subpoena requires disclosure of privileged or other protected matter as well as trade secrets or other confidential information. (Mot. to Quash ¶¶ 1, 2, 5). Red Barn also argues the subpoena seeks information outside the scope of discovery and that the subpoena would subject Red Barn to undue burden. (Mot. to Quash ¶¶ 4, 6, 7). Red Barn also states the subpoena requests are overly broad, unreasonably cumulative, vague, unduly burdensome, and/or expensive, and that Dean Foods has other less cumbersome and more practical means of obtaining the information being sought. (Mot. to Quash ¶ 8).

The court first notes that Red Barn has failed to comply with the local rules of this court. Specifically, Red Barn's motion is not accompanied by a supporting memorandum or, if necessary, affidavits, declarations, or other papers as is required by Civil Local Rule 7(a). Nor is it accompanied by a certificate stating that no memorandum or other supporting papers will be filed. *See* Civil L.R. 7(a). Failure to comply with the local rules in this manner is sufficient cause for the court to deny the motion to quash. Civil L.R. 7(d).

Red Barn has not only failed to comply with the court's local rules, but it has also failed to meet its burden of showing that discovery is overly broad, unduly

burdensome, or not relevant. *See Williams v. Blagojevich*, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008) (citing *Wauchop v. Domino's Pizza, Inc.*, 139 F.R.D. 539, 543 (N.D. Ind. 1991)).[1] Red Barn's motion merely sets forth vague and conclusory legal arguments. Red Barn's failure to articulate any facts underpinning its conclusory legal arguments and its failure to offer specific and detailed reasoning as to why Dean's document requests are irrelevant or unduly burdensome warrants denial of the motion to quash. *See id.*

Furthermore, Red Barn failed to comply with Federal Rule of Civil Procedure 45(d)(2)(A), which requires any person attempting to withhold subpoenaed information under a claim of privilege to "expressly make the claim; and describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Though Red Barn expressly made the claim of privilege in its motion to quash, it did not describe the nature of the withheld documents.[2] Consequently, the court, along with Dean, is not able to assess the claims of privilege.

---

[1] The court recognizes that generally non-parties "are not treated exactly like parties in the discovery context . . . and . . . non-parties are entitled to somewhat greater protection." *Patterson v. Burge*, No. 03-C-4433, 2005 WL 43240, *1 (N.D.Ill. Jan. 6, 2005). Yet, because Red Barns offers no explanation for its objections to Dean's subpoena other than bare legal conclusions, the court is unable to consider certain issues it would normally take up in determining a motion to quash. For example, in deciding whether a subpoena under Rule 45(c) subjects a person to an undue burden, the court should consider whether the burden of compliance would exceed the benefit of production of the materials sought. *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 927, 933 (7th Cir. 2004). Red Barn's motion to quash offers no insight into the burden of compliance. The court is left to guess at the burden the subpoena places on Red Barn.

[2] Indeed, Red Barn failed even to provide the court with a copy of the subpoena. The court relies upon a copy of the subpoena included by Dean in its Memorandum of Law in Opposition to Red Barn Family Farm's Motion to Quash.

The court also finds it appropriate to deny Red Barn's motion to quash because a review of the subpoena demonstrates that Dean's document requests appear to fall within the scope of discovery permitted by the Federal Rules of Civil Procedure as the requests pertain to the defendant's defense. *See* Fed. R. Civ. P. 26(b)(1). In this antitrust action, the plaintiffs allege that Dean's acquisition of one of its competitor's fluid milk plants will give Dean market power that will enable it to impose significant price increases on targeted customers in Wisconsin, Northern Illinois, and the Upper Peninsula of Michigan. To defend against these allegations, Dean argues it must rely on information pertaining to the suppliers of fluid milk currently serving customers in these areas. (Mem. in Opp'n 2-3). The information Dean seeks in its subpoena appears to be in accordance with this theory of defense. For example, Dean's subpoena requests documents pertaining to Red Barn's customers, the location and nature of its milk processing plants, plans for increasing sales, analysis of competitors, and communications relevant to the transaction and investigation at issue in this case. (Subpoena 4-5) (Docket #51-1). Moreover, any concern Red Barn may have regarding Dean's use of the subpoenaed information is likely addressed by the Protective Order (Docket #30) implemented by the court in this case which restricts Dean personnel from accessing certain types of confidential documents.

In sum, Red Barn failed to comply with local and federal civil procedure rules as well as failed to offer any factual support for its conclusory legal allegations. As

such, the court is unable to conclude that the subpoena must or may be quashed or modified under Federal Rule of Civil Procedure 45(c).

Accordingly,

**IT IS ORDERED** that Red Barn Family Farm's Motion to Quash or Modify Subpoena (Docket #47) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge