UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,
STATE OF WISCONSIN, STATE OF ILLINOIS,
and STATE OF MICHIGAN,

          Plaintiffs,
v.                                      Case No. 10-CV-59

DEAN FOODS COMPANY,

          Defendant.
_____

# ORDER

On December 23, 2010, defendant Dean Foods Company ("Dean") filed a motion to compel compliance with a *subpoena duces tecum* served upon Lamers Dairy, Inc. ("Lamers") and requesting that Lamers produce certain documents that Dean contends are crucial to its defense against antitrust allegations brought by the United States of America and the States of Wisconsin, Illinois, and Michigan in the above-captioned matter. (Docket #57). On December 22, 2010, Lamers filed a motion to quash or modify the subpoena. (Docket #65). At the same time, Lamers filed a brief in opposition to Dean's motion to compel which was identical to its motion to quash. (Docket #66). The court will now address both motions.

## BACKGROUND

Plaintiffs allege in this antitrust action that Dean violated Section 7 of the Clayton Act, 15 U.S.C. § 18, in its acquisition of two fluid-milk processing plants owned by one of its competitors, Foremost Farms USA. (Compl. ¶ 1). Plaintiffs claim

that Dean's acquisition served to "eliminate[] one of Dean's most aggressive competitors" (Compl. ¶ 3) and was "likely to substantially lessen competition" in the market for the sale of school milk to districts located in Wisconsin and the Upper Peninsula of Michigan as well as the market for the sale of fluid milk to retail purchasers in Wisconsin, the Upper Peninsula, and certain counties in northeastern Illinois. (Compl. ¶¶ 4, 8).

Specifically, plaintiffs claim that Dean's acquisition "will result in a substantial increase in the concentration of processors that compete to supply fluid milk to purchasers located in the relevant geographic market." (Compl. ¶ 42). Plaintiffs next allege that "Dean and its few remaining competitors will be more likely to decline to bid aggressively for one another's established customers out of concern for retaliation, thereby allocating customers among one another based on a mutual recognition of what supplier serves what customer." (Compl. ¶ 47).

Dean, therefore, argues that in order for it to adequately defend against plaintiffs' claims, it must discover facts from third parties, such as Lamers, that will help address and refute these allegations about the likelihood that milk processors operating within plaintiffs' alleged geographic markets will expand their sales in response to a noncompetitive price increase by other suppliers selling fresh fluid milk in those areas. Though Lamers has responded to most of the subpoena at issue,

Lamers has refused to produce information regarding the identities of its customers and the quantities of milk sold to these customers.[1]

## DISCUSSION

A party has a general right to subpoena any person to appear at a deposition or to produce documents for inspection and copying. Fed. R. Civ. P. 45. This right is not limitless, however, and Federal Rule of Civil Procedure 45(c) provides several protections for individuals subject to subpoena. Rule 45(c) obligates a court to quash or modify a subpoena if it requires disclosure of privileged information or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A). A district court may quash or modify a subpoena if it requires disclosure of a trade secret or other confidential research, development, or commercial information. Fed. R. Civ. P. 45(c)(3)(B). Moreover, a district court has discretion to modify or quash a subpoena if it seeks discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; [or] the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." Fed. R. Civ. P. 26(b)(2). Motions to

---

[1]Dean seeks an order from the court requiring Lamers to produce documents requested in paragraph 4 of its subpoena:

> Documents sufficient to show, by year, the name and delivery location of all customers of any type, including without limitation, retailers, independent Distributors, food service companies, School Districts, and other institutions wherever located, to whom you have sold Fluid Milk processed at each of the plants identified in response to Request 1 and for each customer, the monthly volumes of such Fluid Milk sales by UPC.

(Subpoena ¶ 4) (Docket #59-2).

quash are within the sound discretion of the district court. *Wollenburg v. Comtech Mfg. Co.*, 201 F.3d 973, 977 (7th Cir. 2000) (citing *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992)).

In its motion to quash (and its response to Dean's motion to compel), Lamers provides a list of grounds upon which the court should rely in granting the motion to quash or modify. Most of these grounds are merely conclusory legal arguments with no factual support offered by Lamers.

First, Lamers contends that the subpoena requires disclosure of privileged or other protected matter as well as trade secrets or other confidential information. (Mot. to Quash ¶¶ 5, 6, 9). Blanket statements of privilege are insufficient. Lamers has not submitted a privilege log and it has not described the nature of the withheld documents in any detail to enable a determination of privilege. The court's knowledge of the documents requested by Dean is limited to the subpoena request: documents regarding the identities of Lamers' customers and the quantities of milk sold to those customers. Based on this limited knowledge, the court cannot conclude that the documents requested are privileged. Furthermore, any concerns about the confidential nature of the information requested are likely addressed by the Protective Order (Docket #30) entered earlier in this case. The Protective Order specifically prohibits the sharing of confidential information produced by third parties, like Lamers, with any Dean personnel, including in-house counsel for Dean, and with any other market participants. Though the court appreciates Lamers' reluctance to

divulge business information of any sort to its rival, the Protective Order in this case insures against improper use of the business information. *See Latino Food Marketers, LLC v. Ole Mexican Foods, Inc.*, 2004 WL 635553, at *2 (W.D. Wis. Mar. 1, 2004) (denying a motion to quash, noting that "[o]nly a strong showing of an acute need for complete secrecy will trump a discovery demand backed by a protective order.").

Next, Lamers also argues that the subpoena seeks information outside the scope of discovery. (Mot. to Quash ¶¶ 8,10). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence . . ." Fed. R. Civ. P. 26(b)(1). Based on the allegations in the plaintiffs' complaint and Dean's defenses, the information sought by Dean from Lamers appears relevant to both the plaintiffs' claims and the defendant's defense. Dean claims that understanding the customer base that Lamers serves, along with the quantities of milk sold to these customers, is central to determining Lamers' ability to compete with Dean in response to a significant price increase by Dean. Because plaintiffs have suggested that processors like Lamers will be unable to provide sufficient competition to Dean, the court finds that the information sought is relevant to Dean's defense.

The only objection that Lamers sets forth with any factual support is its claim that the subpoena subjects it to undue burden because much or all of the information

sought can be obtained from the plaintiffs or from the Lamers' customers identified to Dean by the plaintiffs. Lamers notes that Dean has already received considerable information from the United States pertaining to Lamers' milk customers and milk volumes, and has chosen not to obtain further information from the customers identified by the plaintiffs.

Relevancy is one of several factors a court must consider when computing undue burden. *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662-63 (D.Kan. 2003) (to determine whether a Rule 45 subpoena is unduly burdensome, a court may weigh a number of factors including "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are requested, and the burden imposed."). Additionally, non-party status is a significant factor a court must consider when assessing undue burden for the purpose of a Rule 45 motion. *United States v. Amerigroup Illinois, Inc.*, 2005 WL 3111972, at *4 (N.D.Ill. Oct. 21, 2005).

As the court has previously noted, the information Dean seeks from Lamers appears highly relevant to Dean's defense. On the other hand, Lamers, a non-party, claims the information sought is already in the hands of the plaintiffs. If this is true, then it would be more practical for Dean to obtain this information from the plaintiffs. However, to the extent the information sought could be obtained directly from Lamers' customers, the court finds that it would be more expedient for Lamers to

produce the information, rather than subjecting numerous other non-parties to subpoenas. Therefore, the court will modify the subpoena and direct Lamers to produce all documents responsive to the subpoena request that are not already in the possession of the plaintiffs. To the extent the information sought is known to and possessed by the plaintiffs, the court orders that Dean obtain the information from the plaintiffs.

Accordingly,

**IT IS ORDERED** that defendant's motion to compel compliance with subpoena duces tecum (Docket #57) be and the same is hereby **GRANTED in part and DENIED in part**; and

**IT IS FURTHER ORDERED** that plaintiff's motion to quash or modify the subpoena (Docket #65) be and the same is hereby **GRANTED in part and DENIED in part**; Lamers shall produce the documents consistent with the above rulings of the court within 30 days from the date of this order.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge